[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action for nonpayment of rent. The defendant is a tenant in the plaintiff's subsidized public housing unit. The defendant is a single woman and has two children aged two and seven.
On July 19, 2001, the plaintiff filed an Affidavit of Noncompliance with a July 2, 2001 stipulation, alleging that a use and occupancy payment of $105.00 that was due on July 10, 2001 was not paid. The defendant filed an Objection to Execution and a hearing was scheduled on July 30, 2001. On that date, the parties entered into another stipulation wherein the plaintiff withdrew its request for an execution and a new payment schedule was entered into. The stay of execution was extended to January 30, 2002. If the conditions of the July 30, 2001 stipulation were fulfilled, the defendant was to be reinstated as a tenant in good standing on February 1, 2002.
On November 29, 2001, the plaintiff filed an Affidavit of Noncompliance alleging that an arrearage payment of $56.25 that was due on November 25, 2001 was not paid. An execution was issued by the court on December 4, 2001.
On December 11, 2001, the defendant filed a Motion to Quash Execution (Audita Querela). This court granted the ex-parte relief requested by the defendant and ordered a hearing for December 18, 2001. The defendant retained counsel to said hearing and oral arguments were heard. The CT Page 190 parties stipulated an arrears was due the plaintiff in the amount of $220.57.
In Fellows v. Martin, 217 Conn. 57, 66-67 (1991) the court determined the factors to be considered in a post-judgment request for equitable relief. The factors are:
 1) whether one party will suffer a loss wholly disproportionate to the injury to the other party if the equitable relief is denied and,
2) whether the injury to the other party is repairable.
Applying these factors in this case, the court finds that the injury the defendant would suffer were her request for equitable relief denied is wholly disproportionate to the injury the plaintiff would suffer if the relief is granted.
The defendant is a single mother of two small children. The amount owed is modest and will be paid by a third party per the representations of defendant's counsel.
The court finds that the defendant's breach was not willful or grossly negligent.
The court will grant the equitable relief sought by the defendant based on the following conditions:
 1) The $220.57 arrears to be paid to the plaintiff on or before January 25, 2002.
 2) All other terms and conditions of the July 30, 2001 judgment shall remain in effect.
If there are any violations, the execution may issue.
BRIAN T. FISCHER JUDGE OF THE SUPERIOR COURT